IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

FIREMAN'S FUND INSURANCE
COMPANY
As Subrogee of
Thirty Four Lime Street Trust, et al.
777 Marin Drive
Novado, California 94998

    Plaintiff

v.

C. H. NEWTON CONTRACTORS
549 W. Falmouth Highway
Falmouth, MA 02540

and

ALAIRE PLUMBING & HEATING
29 Gemmur Lane
Bellingham, MA 02019-1905

    Defendants

CIVIL ACTION NO.

05 - 30089 - KPN

FILING FEE PAID:
RECEIPT # 305916
AMOUNT $ 250.00
BY DPTY CLK MFG
DATE 4/19/05

JURY TRIAL DEMANDED

APRIL 18, 2005

---

## COMPLAINT

### THE PARTIES

1. Plaintiff, Fireman's Fund Insurance Company (hereinafter "FFIC") is a corporation organized and existing under laws of the State of California with a principal place of business at 777 San Marin Drive, Novado, California 94998 and at all times material hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2. Defendant C. H. Newton Contractors (hereinafter "Newton") is a

corporation duly organized and existing under the laws of Massachusetts with its principal place of business located 549 W. Falmouth Highway, Falmouth, Massachusetts 02540.

3. Defendant Alaire Plumbing & Heating (hereinafter "Alaire") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal office located at 29 Gemmur Lane, Bellingham, Massachusetts 02019-1905.

## JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00) and there is a diversity of citizenship between the parties.

5. Venue in this action is in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the claim arose within this district.

## GENERAL ALLEGATIONS

6. On and prior to January 26, 2004, the Plaintiff issued a policy of insurance to Thirty Four Lime Street Trust, and Mr. and Mrs. James Curtis, which provided insurance coverage for the real and personal property located at 34 Lime Street, Boston, Massachusetts 02108 (hereinafter "the premises").

7. Prior to January 26, 2004, Newton acted as a general contractor performing substantial general contractor renovations at the premises.

8. Alaire was hired by Newton to act as the plumbing subcontractor for the renovations.

9. On or about January 26, 2004 a water pipe leading to an exterior faucet froze, ruptured and burst causing water to flow into the premises causing damage to the Plaintiff's insureds real and personal property.

10. Pursuant to the terms and conditions of the policy, the Plaintiff made payments to its insured in the amount of $342,944.53 and is now subrogated to the rights of its insured to pursue its claims against the Defendants.

## COUNT 1
## NEGLIGENCE
## (FFIC vs. NEWTON)

11. The Plaintiff incorporates by reference paragraphs 1 through 10 inclusive as they were set out in full.

12. The freezing and rupture of the water line and the resulting damage to the Plaintiff's insureds' property was caused by the negligence, carelessness, and negligent omissions of the Defendant Newton, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

(a) failing to properly insulate the water line to prevent it from freezing;

(b) failing to recognize that its work had created a need to insulate the water line or otherwise provide protection against freezing;

(c) failing to hire proper and qualified subcontractors;

(d) failing to ensure that an isolation valve had been installed in the water line;

(e) otherwise failing to use due care under the circumstances.

**WHEREFORE**, Plaintiff FFIC demands judgment against the Defendant Newton in the amount of $342,944.53 together with interest, the costs of this action, and such other relief as the court deems appropriate.

### COUNT II
### BREACH OF CONTRACT
### (FFIC vs. NEWTON)

13. The Plaintiff incorporates by reference Paragraphs 1 through 10 inclusive as if they were set out in full.

14. The Defendant Newton impliedly warranted that the work performed at the premises would be done in a workmanlike manner and in accordance with the applicable building codes.

15. The Defendant Newton failed to perform its work in a workmanlike manner and in compliance with the building codes.

16. As a result of the aforesaid breach of implied warranty the Plaintiff's insureds sustained damages.

**WHEREFORE**, the Plaintiff FFIC demands judgment against the Defendant Newton in the amount of $342,944.53 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

### COUNT III
### NEGLIGENCE
### (FFIC vs. ALAIRE)

17. The Plaintiff incorporates by reference Paragraphs 1 through 10 inclusive as if they were set out in full.

18. The freezing and rupture of the water line and the resulting damages sustained by the Plaintiff's insureds was caused by the negligence, carelessness and

negligent omissions of the Defendant Alaire, its agents, servants, and/or employees acting within the scope and course of their employment. Said negligence, carelessness, and negligent acts and omissions included without limitation, the following:

    (a)    failing to install an isolation valve on the water line;

    (b)    failing to detect that the construction activities had created a condition where the water line was exposed to freezing temperatures;

    (c)    failing to insulate the water line;

    (d)    failing to advise and notify the general contractor and the Plaintiff's insureds that the water line was susceptible to freezing;

**WHEREFORE**, the Plaintiff FFIC demands judgment against the Defendant Alaire in the amount of $342,944.53 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

## COUNT III
## BREACH OF CONTRACT
### (FFIC vs. ALAIRE)

19. The Plaintiff incorporates by reference Paragraphs 1 through 10 inclusive as if they were set out in full.

20. The Defendant Alaire impliedly warranted that the work performed at the premises would be done in a workmanlike manner and in accordance with the applicable building codes.

21. The Defendant Alaire failed to perform its work in a workmanlike manner and in compliance with the building codes.

22. As a result of the aforesaid breach of implied warranty the Plaintiff's insureds sustained damages.

**WHEREFORE**, the Plaintiff FFIC demands judgment against the Defendant Alaire in the amount of $342,944.53 together with interest, the costs of this action, and such other relief as the court may deem appropriate.

                                        THE PLAINTIFF,

By: _____
STUART G. BLACKBURN, ESQ.
Law Offices of Stuart G. Blackburn
Two Concorde Way
P.O. Box 608
Windsor Locks, CT  06096
Tel. (860) 292-1116
Fax (860) 292-1221
BBO # 549797