UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-30089-KPN

FIREMAN'S FUND INSURANCE COMPANY
As Subrogee of
Thirty Four Lime Street Trust, et al
777 Marin Drive
Novado, California 94998
    Plaintiff

VS

C. H. NEWTON CONTRACTORS
549 W. Falmouth Highway
Falmouth, MA 02540

and

ALAIRE PLUMBING & HEATING
29 Gemmur Lane
Bellingham, MA 02019-1905
    Defendants

## ANSWER, JURY DEMAND AND CROSS-CLAIMS OF WILLIAM ALARIE d/b/a ALARIE PLUMBING & HEATING

Answering the Plaintiff's Complaint, William Alarie d/b/a Alarie Plumbing & Heating, improperly named as Alaire Plumbing & Heating, admits, denies, and alleges as follows:

1.     The Defendant alleges he is without sufficient knowledge to form a belief as to the facts alleged in paragraph 1 of Plaintiff's Complaint, and therefore neither admits nor denies said paragraph.

2. The Defendant alleges he is without sufficient knowledge to form a belief as to the facts alleged in paragraph 2 of Plaintiff's Complaint, and therefore neither admits nor denies said paragraph.

3. The Defendant denies the allegations of paragraph 3 of Plaintiff's Complaint.

4-5. Paragraphs 4-5 contain only legal conclusions and for that reason no response is necessary. In the event a response is deemed necessary, Defendant denies the allegations contained in paragraphs 4-5.

6. The Defendant alleges he is without sufficient knowledge to form a belief as to the facts alleged in paragraph 6 of Plaintiff's Complaint, and therefore neither admits nor denies said paragraph.

7. The Defendant alleges he is without sufficient knowledge to form a belief as to the facts alleged in paragraph 7 of Plaintiff's Complaint, and therefore neither admits nor denies said paragraph.

8. The Defendant admits that he was a plumbing subcontractor to C.H. Newton Contractors but denies the remaining allegations contained in paragraph 8.

9. The Defendant alleges he is without sufficient knowledge to form a belief as to the facts alleged in paragraph 9 of Plaintiff's Complaint, and therefore neither admits nor denies said paragraph.

10. The Defendant alleges he is without sufficient knowledge to form a belief as to the facts alleged in paragraph 10 of Plaintiff's Complaint, and therefore neither admits nor denies said paragraph.

## COUNT I

11. The Defendant repeats and realleges the answers set forth in paragraphs 1-10 as if expressly set forth herein.

12. Paragraph 12 contains no allegations against the undersigned Defendant and for that reason no response is required. In the event a response is deemed necessary, Defendant denies the allegations contained in paragraph 12.

## COUNT II

13. The Defendant repeats and realleges the answers set forth in paragraphs 1-10 as if expressly set forth herein.

14-16. Paragraphs 14-16 contain no allegations against the undersigned Defendant and for that reason no response is required. In the event a response is deemed necessary, Defendant denies the allegations contained in paragraph 12.

## COUNT III

17. The Defendant repeats and realleges the answers set forth in paragraphs 1-10 as if expressly set forth herein.

18. The Defendant denies the allegation of paragraph 18 of the Plaintiff's Complaint.

## COUNT III (SIC)

19. The Defendant repeats and realleges the answers set forth in paragraphs 1-10 as if expressly set forth herein.

20. The Defendant denies the allegation of paragraph 20 of the Plaintiff's Complaint.

21. The Defendant denies the allegation of paragraph 21 of the Plaintiff's Complaint.

22. The Defendant denies the allegation of paragraph 22 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND DEFENSE

To the extent process is insufficient or improper, this action must be dismissed.

### THIRD DEFENSE

To the extent service of process is insufficient or improper, this action must be dismissed.

### FOURTH DEFENSE

The Plaintiff's injuries and damages, if any, were caused in whole or in part by the Plaintiff's own negligence.

## FIFTH DEFENSE

The Plaintiff's negligence exceeds any negligence on the part of the Defendant, and therefore the Plaintiff cannot recover.

## SIXTH DEFENSE

The Plaintiff's injuries and damages, if any, were caused in part by the Plaintiff's own negligence, and therefore any recovery must be diminished in proportion to the Plaintiff's negligence.

## SEVENTH DEFENSE

The Plaintiff's injuries and damages, if any, were not caused by a person or persons for whose conduct the Defendant was legally responsible.

## EIGHTH DEFENSE

To the extent the Plaintiff violated any statute, rule, regulation or ordinance, and such violation was the cause of any injuries or damages, the Plaintiff cannot recover.

## NINTH DEFENSE

The Plaintiff's injuries and damages, if any, were caused by the intervening and superseding acts or omissions of parties other than the Defendant and the Defendant could not reasonably have foreseen any such acts or omissions.

## TENTH DEFENSE

To the extent the Plaintiff has failed to mitigate any injuries or damages, the Plaintiff cannot recover.

## ELEVENTH DEFENSE

The Defendant says that the Plaintiffs' failed to give notice of the alleged breach of warranty within a reasonable time required by Massachusetts General Laws, chapter 106, section 2-607.

## TWELFTH DEFENSE

The Defendant denies that it or its agents made any express warranties to the Plaintiffs.

## THIRTEENTH DEFENSE

The Defendant says that if the Defendant, its agents or servants made any express or implied warranties, which the Defendant specifically denies, then the Plaintiffs did not rely on said warranties.

## FOURTEENTH DEFENSE

The Defendant says that if it or any of its agents or servants made any warranties, express or implied, which the Defendant specifically denies, then the Defendant denies that it breached any of the warranties.

## CROSSCLAIMS OF DEFENDANT, WILLIAM ALARIE d/b/a ALARIE PLUMBING & HEATING, AGAINST DEFENDANT, C. H. NEWTON CONTRACTORS

### COUNT I (CONTRIBUTION)

The Defendant/Crossclaim Plaintiff, William Alarie d/b/a Alarie Plumbing & Heating, says that if he is liable to the Plaintiff as alleged in the Plaintiff's Complaint, such liability which the Defendant/ Crossclaim Plaintiff specifically denies, then the Defendant/Crossclaim Defendant, C.H. Newton Contractors, as a result of its negligence, is a joint tortfeasor and therefore liable for a pro-rata share of the liability pursuant to and in accordance with M.G.L. Chapter 231B.

### COUNT II (INDEMNIFICATION)

The Defendant/Crossclaim Plaintiff, William Alarie d/b/a Alarie Plumbing & Heating, says that if he is liable to the Plaintiff as alleged in the Plaintiff's Complaint, such liability which the Defendant/ Crossclaim Plaintiff specifically denies, then that liability is

vicarious and derivative and as such the Defendant/Crossclaim Defendant, C.H. Newton Contractors, as a result of its negligence, must indemnify the Defendant/Crossclaim Plaintiff, William Alarie d/b/a Alarie Plumbing & Heating, for any and all sums for which he may become liable to the Plaintiff.

Wherefore, the Defendant/Crossclaim Plaintiff, William Alarie d/b/a Alarie Plumbing & Heating,, demands judgment against the Defendant/Crossclaim Defendants for any and all sums he may become liable to the Plaintiff, including costs, interests and attorney's fees.

### JURY DEMAND
### THE DEFENDANT DEMANDS A TRIAL OF JURY OF ALL ISSUES

William Alarie d/b/a Alarie Plumbing & Heating
By,

Brian M. Cullen
Law Offices of Thomas M. Niarchos
100 Summer Street, Suite 201
Boston, MA  02110
(617) 772-2800

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party by mail on May ___18___, 2005.

Brian M. Cullen